UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-50047-02-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING** |
| | ) | **DEFENDANT'S MOTION** |
| STEPHAN MICHAEL RANDALL, | ) | **TO SEVER** |
| a/k/a Stephen Rodriguez, | ) | [Docket No. 92] |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Defendant Stephan Michael Randall is before the court on a superseding indictment charging that he and co-defendant Daniel Joseph Martin[1] assaulted Kenneth and Neil Morgan on August 8, 2010.  See Docket No. 107. Mr. Randall filed a motion to sever his trial from the trial of Mr. Martin.  See Docket No. 92.  The government resists the motion and asks that both defendants be tried together.  See Docket No. 103.  Mr. Martin has not responded to the motion.  The district court, the Honorable Jeffrey L. Viken, referred Mr. Randall's motion to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 110.

---

[1]Mr. Martin is also known variously as D.J. Martin, and as Daniel or D.J. Rodriguez.

## FACTS

The facts pertinent to the pending motion are as follows.  On August 8, 2010, Kenneth and Neil Morgan were assaulted.  On August 12, 2010, Federal Bureau of Investigation ("FBI") Special Agent Dobberstein obtained a statement from Mr. Martin regarding the assault.  Although neither party has provided the court with a copy of Agent Dobberstein's 302 summarizing the interview, Mr. Randall represents that Mr. Martin implicated himself and five other "accomplices" in the assault on the Morgans when he spoke to Agent Dobberstein.  Mr. Randall further states that Mr. Martin told Dobberstein that most of the five accomplices were armed when they approached the Morgan residence.  Mr. Randall further asserts that Mr. Martin told Dobberstein that Mr. Randall was one of the accomplices and that Randall was armed with a small gray bat with a red handle and red writing.  Mr. Randall asserts that Mr. Martin told Dobberstein that all five accomplices participated in the beating of Neil Morgan.

Mr. Randall asserts that the introduction of Mr. Martin's statement at trial would violate Mr. Randall's confrontation rights under the Sixth Amendment if Mr. Martin does not testify.  Accordingly, Mr. Randall moves to sever his trial from that of Mr. Martin's so that Mr. Martin's statement to Agent Dobberstein would not be admitted at Randall's trial.

2

## DISCUSSION

Mr. Randall's motion is premised on Rule 14 of the Federal Rules of Criminal Procedure.  That rule gives the court the power to order separate trials of co-defendants where a consolidated trial would appear to prejudice a defendant.  See Fed. R. Crim. P. 14(a).  The rule also authorizes the court to order the government to deliver to the court for *in camera* inspection any defendant's statement that the government intends to use as evidence.  See Fed. R. Crim. P. 14(b).  Mr. Randall argues that trying him along with Mr. Martin will prejudice Mr. Randall if the statement Mr. Martin gave to Agent Dobberstein is introduced at trial and if Mr. Martin does not testify.

The Sixth Amendment provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him;"  See U.S. Const. amend. VI.  The Supreme Court has held that the right of confrontation includes the right to cross-examine witnesses.  See Pointer v. Texas, 380 U.S. 400, 404, 406-407 (1965).

The prow of Mr. Randall's argument in favor of severance is that his confrontation rights will be violated by the admission into evidence of the out-of-court statement by Mr. Martin that inculpates Mr. Randall.  The United States Supreme Court established in Bruton v. United States, 391 U.S. 123 (1968), that a defendant's confrontation rights under the Sixth Amendment are violated by the admission of a non-testifying co-defendant's confession that implicates the defendant.  Id. at 137.

3

The Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession that is redacted to eliminate the defendant's name and any other reference to the defendant's existence and if the jury is instructed to consider the out-of-court statement only against the declarant-defendant.  Richardson v. Marsh, 481 U.S. 200, 207, 211 (1987).  However, "[r]edactions that simply replace a name with an obvious blank space or a word such as 'deleted' or a symbol or other similarly obvious indications of alteration, however, leave statements that, considered as a class, so closely resemble Bruton's unredacted statements that, in our view, the law must require the same result."  Gray v. Maryland, 523 U.S. 185, 192 (1998).  In order to comply with Bruton, the statement must be edited so that not only are all incriminating references to the non-confessing co-defendant removed, but also so the statement does not obviously appear to have been redacted.  Id. (citing Richardson, 481 U.S. at 203).[2]

Since the constitutional protections afforded to a defendant under the Confrontation Clause apply only when witnesses against him " 'bear testimony,' " only "testimonial" statements implicate a defendant's

---

[2]As an example, the Gray Court examined the confession introduced at Gray's trial:  "Question:  Who was in the group that beat [the victim]?  Answer: Me, deleted, deleted, and a few other guys."  Gray, 523 U.S. at 196.  Although this redaction of the codefendant's statement created Bruton problems, the Court suggested an alternative redaction of the same statement that would not be problematic: "Question:  Who was in the group that beat [the victim]? Answer:  Me and a few other guys."  Id.

Confrontation Clause rights.   Crawford v. Washington, 541 U.S. 36, 51 (2004).
" 'Testimony,' . . . is typically '[a] solemn declaration or affirmation made for the
purpose of establishing or proving some fact.' " Id. (quoting 2 N. Webster, An
American Dictionary of the English Language (1828)).  Evidence is testimonial
when "made under circumstances which would lead an objective witness
reasonably to believe that the statements would be available for use at a later
trial." Id. at 51.  The Crawford Court stated that "[w]hatever else the term
covers, it applies at a minimum to prior testimony at a preliminary hearing,
before a grand jury, or at a former trial; and to police interrogations." Id. at 68.

Clearly, the statement made by Daniel Martin to Agent Dobberstein is
testimonial because it was given in response to police interrogation. Id. at 51,
68.  As such, it implicates the Confrontation Clause. Id.  Equally clearly,
Mr. Martin implicated Mr. Randall in his out-of-court statement to Agent
Dobberstein.  Thus, if Mr. Martin's *unredacted* statement were to be introduced
into evidence at a joint trial where Mr. Martin *did not* testify, Mr. Randall's
Sixth Amendment Confrontation Clause rights would be violated. Bruton, 391
U.S. at 137.

However, the government, in its response to Mr. Randall's severance
motion, states that it does not intend to introduce Mr. Martin's statement in its
case-in-chief.  The government states that it will seek to introduce Mr. Martin's
statement in its rebuttal case only, and only if two preconditions are met:

5

(1) Mr. Martin testifies during the defense case and (2) Mr. Martin testifies in a way that is inconsistent with his statement to Agent Dobberstein.  If Mr. Martin never testifies, the jury will never hear of Mr. Martin's out-of-court statement. Similarly, if Mr. Martin testifies and his testimony corresponds with his out-of-court statement, the jury will not hear of Mr. Martin's out-of-court statement. Thus, the only possible way the jury will hear about Mr. Martin's out-of-court statement is if Mr. Martin testifies.  If he testifies, he will be available to Mr. Randall to confront and cross-examine, obviating any confrontation issues.

This was exactly the situation presented in United States v. High Elk, 442 F.3d 622, 625-26 (8th Cir. 2006).  In High Elk, High Elk had given an out-of-court statement to an FBI agent that implicated both himself and his co-defendant, LaPlante.  Id.  High Elk testified during the trial, but gave a version of events that was at odds with his earlier description to the FBI agent.  Id. The government then called the FBI agent in its rebuttal case, and the agent recounted the substance of High Elk's out-of-court statement to the jury.  Id.

LaPlante raised a Bruton argument on appeal.  Id.  The Eighth Circuit rejected his argument, noting that "LaPlante could have confronted High Elk about his statements to [the FBI agent] when High Elk testified during" the defense case-in-chief.  Id.  Alternatively, the court implied that LaPlante could have recalled High Elk after the FBI agent's testimony and cross-examined him then.  Id. at 625 (citing Johnson v. United States, 318 U.S. 189, 195 (1943)).

"Therefore, because High Elk took the witness stand and was available for cross-examination by LaPlante, there was no <u>Bruton</u> violation by the admission of [High Elk's] out-of-court statements implicating LaPlante.  <u>Id.</u>

Similarly, under the government's stated strategy in this case, this court can conceive of no <u>Bruton</u> violation as to Stephan Randall.  Daniel Martin's statement will not be introduced into evidence if Mr. Martin does not testify.  If Mr. Martin does testify, his out-of-court statement may come in during the government's rebuttal case, but under this scenario, Mr. Martin will be available to Mr. Randall to confront and cross-examine regarding his out-of-court statement to Agent Dobberstein.

## CONCLUSION

Based on the foregoing, and good cause not appearing, it is hereby

ORDERED that Stephan Randall's motion for severance [Docket No. 92] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  <u>See</u> Fed. R. Crim. P. 58(g)(2); 59(a).   Failure to file timely objections will result in the waiver of the

right to appeal questions of fact.  Fed. R. Crim. P. 59(a)  Objections must be

timely and specific in order to require review by the district court.

Dated November 17, 2011.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE